**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

MIGUEL TORRES; DALIA TORRES; BRENT PRZYCHODA; AND SURISUDA PRZYCHODA,

Plaintiffs,

v.

AIRBUS AMERICAS, INC.; AIRBUS DS MILITARY AIRCRAFT, INC.; AIRBUS U.S. SPACE & DEFENSE, INC.; M1 SUPPORT SERVICES; BAE SYSTEMS, INC.; BAE SYSTEMS INFORMATION AND ELECTRONIC SYSTEMS INTEGRATION, INC.; and BAE SYSTEMS TECHNOLOGY SOLUTIONS & SERVICES, INC.

Defendants.

CASE NO.: ____________________________

REMOVED FROM THE CIRCUIT COURT OF DALE COUNTY, ALABAMA; CIVIL ACTION NO. 26-CV-2023-900024.00

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants Airbus Americas, Inc., Airbus U.S. Space & Defense, Inc., M1 Support Services, L.P. (incorrectly identified as M1 Support Services), BAE Systems, Inc., BAE Systems Information and Electronic Systems Integration, Inc., and BAE Systems Technology Solutions & Services, Inc. (collectively, "Removing Defendants") hereby remove Case No. 26-CV-2023-900024.00 from the Circuit Court of Dale County, Alabama, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and as grounds for removal state as follows:

## I. INTRODUCTION

1. On March 10, 2023, Plaintiffs Miguel Torres, Dalia Torres, Brent Przychoda, and Surisuda Przychoda (collectively, "Plaintiffs") filed a Complaint against Defendants Airbus Americas, Inc., Airbus DS Military Aircraft, Inc., Airbus U.S. Space & Defense, Inc., M1 Support Services, L.P., BAE Systems, Inc., BAE Systems Information and Electronic Systems Integration, Inc., and BAE Systems Technology Solutions & Services, Inc., (collectively "Defendants") in the Circuit Court of Dale County, Alabama, Case No. 26-CV-2023-900024.00 (the "State Court Action").

2. This lawsuit arises from the crash of a United States Army UH-72A Lakota helicopter at Fort Rucker's Brown Stagefield Airfield, located near New Brockton, Alabama, on April 20, 2021. [Ex. A, Complaint at ¶¶ 1, 13.]

3. Plaintiffs bring claims for product liability, breach of warranties, and negligence against Defendants to recover for alleged personal injuries and damages Plaintiffs sustained as the result of the crash while Miguel Torres and Brent Przychoda were on active duty in the U.S. Army. [Ex. A, Compl., *passim*.] Plaintiffs allege that Plaintiff Miguel Torres served as Pilot-In-Command and Plaintiff Brent Przychoda served as Co-Pilot "when the aircraft they occupied experienced an unplanned idling of both engines, entered into an uncontrollable descent, lost altitude, and crashed." [Ex. A, Compl. at ¶ 1.] Plaintiffs allege that as a result of the crash, Miguel Torres and Brent Przychoda are now paraplegic. [Ex. A, Compl. at ¶ 35.] Plaintiffs allege that at all relevant times, Dalia Torres was and is the wife of Miguel Torres and Surisuda Przychoda was and is the wife of Brent Przychoda. [Ex. A, Compl. at ¶¶ 4-5.]

4. The relief Plaintiffs seek includes general and special damages in an unspecified amount plus interest and costs. [Ex. A, Compl. at p. 10.]

## II. PROCEDURAL REQUIREMENTS

5. Defendants Airbus Americas, Inc. and Airbus DS Military Aircraft, Inc. were served with the suit on March 14, 2023. Defendant Airbus U.S. Space & Defense, Inc. was served with the suit on March 15, 2023. Defendant M1 Support Services, L.P. ("M1") was served with the suit on March 14, 2023. BAE Systems, Inc., BAE Systems Information and Electronic Systems Integration, Inc., and BAE Systems Technology Solutions & Services, Inc. were served with the suit on March 14, 2023.

6. Removal of this action is timely, in accordance with 28 U.S.C. § 1446(b), as it is being done within thirty (30) days of receipt through service of the initial pleadings setting forth the claim for relief upon which this action is based.

7. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the entire state court file, including all "summons, pleadings, and orders" is attached hereto, incorporated herein, and made a part hereof by reference as **Exhibit A**.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the Middle District of Alabama, Southern Division is the federal judicial district embracing the Circuit Court of Dale County, Alabama where the State Court Action was originally filed.

9. As certified by the signatures of counsel below, all of the named Defendants consent to the removal[1] with the exception of Airbus DS Military Aircraft, Inc., which has been fraudulently joined as set forth below.

## III. GROUNDS FOR REMOVAL

### A. BASIS FOR REMOVAL – FEDERAL QUESTION – FEDERAL ENCLAVE JURISDICTION

10. Removal is proper because there is federal question jurisdiction pursuant to federal enclave jurisdiction. 28 U.S.C. § 1331; *See Parker v. Main*, 804 F. Supp. 284, 286 (M.D. Ala. 1992) (noting that "the conduct at issue occurred on Fort Rucker, which is a federal military enclave subject to the exclusive jurisdiction of the United States," and as such invokes the Court's "federal question jurisdiction under 28 U.S.C. § 1331.").

11. Plaintiffs' Complaint alleges that the Plaintiffs' injuries and the events relevant to the claims occurred at Fort Rucker's Brown Stagefield Airfield in Dale County, Alabama. [Ex. A, Compl. at ¶ 13.] ("[T]he crash occurred wholly within Fort Rucker's Brown Stagefield Airfield…").

12. As a part of Fort Rucker, Brown Stagefield Airfield is owned by the federal government, and Courts have found that Fort Rucker "is a federal military enclave subject to the exclusive jurisdiction of the United States." *See Parker v. Main*, 804 F. Supp. 284, 286 (M.D. Ala. 1992).

---

[1] By joining in this removal, the Removing Defendants do not concede that they had involvement with the products or events at issue in this action or that they are proper defendants, and expressly preserve all rights and defenses thereto.

13. Federal enclaves are governed by federal law. *See id.* at 286. Therefore, Plaintiffs' claims, originating from an incident at Fort Rucker's Brown Stagefield Airfield, are governed by federal law. *See id.* In addition, all alleged conduct of M1 occurred at Cairns Army Airfield, which too is a federal enclave as part of Fort Rucker.

### B. Basis For Removal – Federal Question – Federal Officer Jurisdiction

14. Removal is also proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which provides for removal of an action relating to a defendant's acts undertaken at the direction of a federal officer. Removal is appropriate under this provision where a removing defendant establishes that: (a) it is a "person" within the meaning of the statute; (b) it acted under federal authority; (c) its acts taken pursuant to a federal officer's directions have a causal nexus with the plaintiff's claims or injuries or are otherwise related to the action; and (d) it can assert a "colorable" federal defense. *See Mesa v. California*, 489 U.S. 121, 124–25, 129–31, 133–35 (1989); *Swanstrom v. Teledyne Cont'l Motors, Inc.*, 531 F. Supp. 2d 1325, 1331 (S.D. Ala. 2008).

15. Defendant M1 qualifies as a federal officer in relation to the allegations in this case because all of M1's alleged actions were undertaken at the direction of a federal officer. *See* 28 U.S.C. § 1442(a)(1).

16. The first requirement for removal under the federal officer removal statute is satisfied here because M1 (a limited partnership) is a "person" under the statute. For purposes of § 1442(a)(1), the term "person" includes "corporations, companies, associations, firms, [and] partnerships." *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 812

(3d Cir. 2016) (quoting 1 U.S.C. § 1). *See also Swanstrom,* 531 F. Supp. 2d at 1331 (finding that a corporation is considered a person for purposes of § 1442(a)(1)).

17. The second requirement for federal officer removal is met because M1 "acted under" federal authority by assisting and carrying out the duties and tasks of a federal officer, the Army. The relationship between M1 and the Army is one of "subjection, guidance, [and] control." *See Caver v. Cent. Alabama Elec. Coop.*, 845 F.3d 1135, 1143 (11th Cir. 2017).

18. As an aircraft maintenance contractor to the Army, all aspects of the maintenance performed by M1 at Fort Rucker are controlled by Army regulations, directives, technical orders, and manuals. All aircraft that M1 maintains, including the subject UH-72A Lakota, are owned and provided under M1's contract with the Army as Government Furnished Property. Therefore, in performing aircraft maintenance for the Army, M1 is acting under federal authority by carrying out its specific objectives.

19. Additionally, the "acting under" requirement is satisfied if, in the absence of M1, the Government would perform the aircraft maintenance itself. *See Caver,* 845 F.3d at 1144 ("Acting under" covers situations … where the federal government uses a private corporation to achieve an end it would have otherwise used its own agents to complete." (internal quotations omitted)); *Cloyd v. KBR, Inc.*, 536 F. Supp. 3d 113, 120 (S.D. Tex. 2021) ("A defendant acts under a federal officer's directions when it acts under a contract with the federal government to perform 'a job that, in the absence of a contract with a private firm, the Government itself would have had to perform.'") (quoting *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 154 (2007)). Under M1's Aviation Maintenance Contract,

the Government specifically reserves the right to use its own employees to perform any facet of the contract.

20. The third requirement for federal officer removal is met because M1 acted under federal authority specifically in relation to its actions as alleged in the Complaint. To satisfy this requirement, it is sufficient for a defendant to establish that the claims are "for or relating to any act under color of federal office." *See id*. (internal quotations omitted). The phrase "relating to" is "broad and requires only a connection or association between the act in question and the federal office." *Id*. Additionally, the "hurdle erected by this requirement is quite low." *Id*.

21. Plaintiffs have alleged, "At all relevant times herein, Defendant M1 Support Services designed, machined, inspected, maintained, serviced, modified, manufactured parts for, assembled, supplied, imported, distributed and/or sold the subject helicopter, a UH-72A Lakota, in the course of its business." M1's involvement in any of the activities alleged by Plaintiffs would have occurred pursuant to M1's contract with the federal government and under federal authority, as described above.

22. The final requirement for federal officer removal is satisfied here because M1 can and will assert a colorable federal defense: the government contractor defense. At the removal stage, a defendant need only show that its government contractor defense is colorable; that is, that the defense "is not without foundation and made in good faith." *See Marley v. Elliot Turbomachinery Co.*, 545 F. Supp. 2d 1266, 1271 (S.D. Fla. 2008). Additionally, the federal defense "need only be plausible; its ultimate validity is not to be

determined at the time of removal." *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996).

23. To assert the government contractor defense, a defendant must establish the defense's applicability to its contract with the Army, and that a "significant conflict" exists between federal policy and state law under the particular circumstances of the case. *See Boyle v. United Technologies. Corp.*, 487 U.S. 500 (1988).

24. Courts have held that the government contractor defense recognized in *Boyle v. United Technologies. Corp.* is applicable to service contracts between the Army and maintenance contractors such as M1. *See Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1334 (11th Cir. 2003) ("Holding a contractor liable under state law for conscientiously maintaining military aircraft according to specified procedures would threaten government officials' discretion in precisely the same manner as holding contractors liable for departing from design specifications.").

### C. BASIS FOR REMOVAL – DIVERSITY OF CITIZENSHIP

25. This case also is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Generally. – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship. –
>
>> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

26. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), which provides that the district courts have original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.

**i. <u>The Requirement of Complete Diversity Is Satisfied.</u>**

27. The requirement of complete diversity is satisfied here. Although the Complaint does not allege the citizenship of the Plaintiffs, it is clear that they are citizens of Alabama as demonstrated below. As for the Defendants, the BAE entities, M1, and two of the three named Airbus entities are citizens of states other than Alabama. The remaining Airbus entity is an Alabama citizen, but must be disregarded under the doctrine of fraudulent joinder because it has nothing to do with the UH-72A aircraft at issue.

**a. The Plaintiffs Are Citizens of Alabama.**

28. Upon information and belief, Plaintiffs are citizens of the State of Alabama. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002). Plaintiffs are domiciled in Coffee County, Alabama, where they live permanently. *See id.* at 1257-58 ("A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'") (citation

omitted). In support of this allegation, Removing Defendants submits the following:

- Plaintiffs allege in the Complaint that at the time of the crash, Plaintiff Miguel Torres "was assigned to Delta Company 1st Battalion, 223rd Aviation Regiment, 110th Aviation Brigade, as a standardization pilot." [Ex. A, Compl. at ¶ 2.]
- Plaintiffs allege in the Complaint that at the time of the crash, Plaintiff Brent Przychoda "was assigned to Delta Company 1st Battalion, 223rd Aviation Regiment, 110th Aviation Brigade, as a pilot, airfield manager, and safety officer." [Ex. A, Compl. at ¶ 3.]
- The Delta Company, 1st Battalion, 223rd Aviation Regiment, 110th Aviation Brigade's website states that it is located in Fort Rucker, Alabama.
- Plaintiffs allege in the Complaint that at all relevant times, Plaintiff Dalia Torres "was and is the wife" of Plaintiff Miguel Torres. [Ex. A, Compl. at ¶ 4.]
- Plaintiffs allege in the Complaint that at all relevant times, Plaintiff Surisuda Przychoda "was and is the wife" of Plaintiff Brent Przychoda. [Ex. A, Compl. at ¶ 5.]
- Upon information and belief, the Torres plaintiffs currently reside at 6795 County Road 708, Enterprise, Alabama 36330 and claim a Homestead Exemption 1 on the same property. [Ex. B, Tax Record]
- Upon information and belief, the Przychoda plaintiffs currently reside at 315 Private Road 1211, New Brockton, Alabama 36351 and claim a Homestead Exemption 3 on the same property. [Ex. C, Tax Record]

**b. Aside from One Fraudulently Joined Airbus Entity, the Defendants Are Citizens of States Other Than Alabama.**

29. For purposes of diversity jurisdiction, a corporation is a citizen of the state where it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Applying this established principle, the following Defendants are all citizens of states other than Alabama.

30. Defendant Airbus Americas, Inc. is a Delaware corporation with its principal place of business in Herndon, Virginia. Thus, Airbus Americas, Inc. is a citizen of

Delaware and Virginia for purposes of diversity jurisdiction.[2]

31. Defendant Airbus U.S. Space & Defense, Inc. ("Airbus US") is a Delaware corporation with its principal place of business in Arlington, Virginia. Thus, Airbus US is a citizen of Delaware and Virginia for purposes of diversity jurisdiction.

32. Defendant M1 is a Texas limited partnership consisting of one general partner and two individual limited partners, both of whom are citizens of Texas. Mission First, LLC, the general partner, has two individual members, both of whom are citizens of Texas. M1's principal place of business is in Denton, Texas. Thus, M1 is a citizen of Texas for purposes of diversity jurisdiction.

33. Defendant BAE Systems, Inc. is a Delaware corporation with its principal place of business in Falls Church, Virginia. Thus, BAE Systems, Inc. is a citizen of Delaware and Virginia for purposes of diversity jurisdiction.

34. Defendant BAE Systems Information and Electronic Systems Integration Inc. is a Delaware corporation with its principal place of business in Nashua, New Hampshire. Thus, BAE Systems Information and Electronic Systems Integration Inc. is a citizen of Delaware and New Hampshire for purposes of diversity jurisdiction.

35. Defendant BAE Systems Technology Solutions & Services, Inc. is a Delaware corporation with its principal place of business in Rockville, Maryland. Thus, BAE Systems Technology Solutions & Services, Inc. is a citizen of Delaware and

---

[2] In fact, Airbus Americas, Inc. had no involvement with the products or transactions that are the subject matter of this lawsuit. However, for removal purposes, all that matters is that Airbus Americas, Inc. is not a citizen of Alabama.

Maryland for purposes of diversity jurisdiction.[3]

36. Accordingly, there is complete diversity among the Plaintiffs and the above-listed Defendants. 28 U.S.C. § 1332(a), (c)(1).

**ii. <u>Airbus DS Military Aircraft, Inc.'s Citizenship Is Irrelevant And Should Be Disregarded Because It Has Been Fraudulently Joined.</u>**

37. Airbus DS Military Aircraft, Inc. ("ADSMA") is a Virginia corporation with its principal place of business in Mobile, Alabama. [Ex. D, Declaration of Jose-Antonio de la Fuente, at ¶ 4.] For the reasons stated below, ADSMA is fraudulently joined in the State Court Action, and thus, ADSMA's citizenship should be disregarded for the purposes of determining diversity jurisdiction. *Henderson v. Wash. Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) ("When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court *must ignore* the presence of the non-diverse defendant and deny any motion to remand the matter back to state court.") (emphasis added).

38. "A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: '(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Id.* (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)).

39. "The determination of whether a resident defendant has been fraudulently

[3] In fact, none of the three BAE Systems entities named by the Plaintiffs is the supplier of the seats for UH-72A Lakota helicopters. But for present purposes, all that matters is that none of those three entities is a citizen of Alabama.

joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

40. Applying the foregoing standard, it is clear that ADSMA has been fraudulently joined as a party to this action because there is no possibility Plaintiffs can establish a cause of action against ADSMA. In their Complaint, Plaintiffs allege that ADSMA "designed, machined, maintained, manufactured, assembled, supplied, imported, distributed and/or sold the subject helicopter, a UH-72A Lakota, in the course of its business." [Ex. A, Compl. at ¶ 7.] Plaintiffs also allege a series of conclusions that "each" defendant "designed, manufactured, published manuals, assembled, inspected, tested, instructed, maintained, trained, warranted, distributed, and sold the UH-72 of issue and its components parts." [Ex. A, Compl. at ¶ 21.] Plaintiffs further allege that "each" defendant breached its warranties regarding the subject helicopter and its components. [Ex A, Compl. at ¶¶ 39-42.] Finally, Plaintiffs allege that "each" defendant negligently "designed, manufactured, assembled, maintained, inspected, tested, instructed, trained, warranted, published manuals, distributed and sold the subject helicopter, seat systems, and its component parts, including, but not limited to, the twist grip throttle assembly and related systems and parts, the pilots' seats and related systems and parts, and other parts." [Ex. A, Compl. at ¶ 44.]

41. However, in contrast to Plaintiffs' conclusory allegations, ADSMA "does not and has never designed, manufactured, produced or sold UH-72 Lakota helicopters or issued any associated warnings or instructions, and it did not design, manufacture, produce,

market, distribute or sell or otherwise ever have actual or legal possession or control over the specific UH-72A helicopter, serial number 15-72371, referenced in the Complaint, never held or passed title to the subject aircraft, and never issued any associated warnings or instructions." [Ex. D, Declaration of Jose-Antonio de la Fuente at ¶ 5.] Moreover, "ADSMA did not design, manufacture, publish manuals, assemble, inspect, test, instruct, maintain, train, warrant, distribute or sell the UH-72 or any of its component parts (including its seats and collective controls), as alleged in paragraph 21 of the Complaint." [*Id.* at ¶ 6.] ADSMA "did not issue any warranties regarding the subject aircraft" nor did it "design, manufacture, assemble, maintain, inspect, test, instruct, train, warrant, publish manuals, distribute or sell the subject helicopter, seat systems, and its component parts, including but not limited to, the twist grip throttle assembly and related systems and parts, the pilots' seats and related systems and parts, and other parts as alleged in paragraph 44 of the Complaint." [*Id.* at ¶¶ 7-8 (internal quotation omitted).]

42. Based on the foregoing, it is clear that there is no possibility that Plaintiffs can establish a cause of action against ADSMA. Accordingly, its citizenship should be disregarded for the purposes of determining diversity jurisdiction. *Henderson*, 454 F.3d at 1281; *Bracknell v. International Paper Co.*, Civil Action No. 2:21-00448-KD-N, 2022 WL 1548123, at ** 4-6 (S.D. Ala. April 18, 2022).

**iii. <u>The Amount in Controversy Requirement is Met.</u>**

43. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

44. In cases such as this, where "the complaint does not claim a specific amount

of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).

45. "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id*. Certain injuries are by their nature so substantial as to make it readily apparent that the amount in controversy requirement is satisfied. *Sanderson v. Daimler Chrysler Motor Corp.*, No. CIV.A. 07-0559-WS-B, 2007 WL 2988222, at *1 (S.D. Ala. Oct. 9, 2007); *see also Maconeghy v. Cooper Tire & Rubber Co.*, No. CIV.A. 08-0335-WS-M, 2008 WL 4811398, at *3 (S.D. Ala. Nov. 3, 2008) (finding that the Complaint described injuries of sufficient severity that the amount in controversy was satisfied on the face of that pleading).

46. Here, there can be no reasonable doubt that the amount in controversy for Plaintiffs' claims exceeds $75,000. The Complaint alleges that, as a result of this incident, Plaintiffs Miguel Torres and Brent Przychoda are now paraplegic and are permanently disabled. [Ex. A, Compl. at ¶ 35.] Plaintiffs have further asserted that Plaintiffs Miguel Torres and Brent Przychoda were "catastrophically and permanently injured." [Ex. A, Dkt. No. 32 at 1.] In particular, Plaintiffs have asserted that Plaintiff Miguel Torres "will never walk again and is permanently paralyzed from his waist down," and that Plaintiff Brent Przychoda "suffered different but equally disastrous injuries in the crash." [*Id.*] Plaintiffs' alleged injuries are so substantial that it is readily apparent that the amount in controversy requirement is satisfied. *See Sanderson*, 2007 WL 2988222, at *1 (noting that an allegation

that the plaintiff was rendered a paraplegic would render the case removable, even if the complaint did not expressly demand over $75,000 and "was silent as to medical expenses, pain and suffering, mental anguish, and lost income").

47. Plaintiffs Miguel Torres and Brent Przychoda allege that they have suffered general damages, which may consist of damages for their physical pain, mental anguish, and permanent injuries or disfigurement, and special damages, which may include medical expenses, loss of future earnings, and loss of income from the date of injury to trial. [Ex. A, Compl. at ¶ 35, p. 10.] *See* APJI 11.09. Additionally, Plaintiffs Dalia Torres and Surisuda Przychoda allege that they have "suffered and continue to suffer loss of companionship, comfort, solace, moral support, emotional support, love, felicity, affection, society, loss of physical assistance in the operation and maintenance of the home, loss of consortium, and loss of sexual relations with their spouses" and seek their own damages. [Ex. A, Compl. at ¶ 37, p. 10.]

48. Given the nature of Plaintiffs' alleged injuries and the damages sought, it is facially apparent that the jurisdictional amount in controversy requirement is satisfied.

49. Accordingly, the amount in controversy in this case exceeds this Court's jurisdictional minimum pursuant to 28 U.S.C. § 1332(b).

## IV. JURISDICTIONAL REQUIREMENTS

50. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

51. Defendants have not previously removed this action, nor sought similar relief.

52. For reasons explained above, ADSMA is fraudulently joined in this lawsuit. Consequently, ADSMA's consent to removal is not required. *Restivo v. Bank of Am. Corp.*, 618 Fed. App'x 537, 540 n.5 (11th Cir. 2015) ("A fraudulently joined defendant need not consent to removal.").

53. Removing Defendants reserve the right to supplement this Notice of Removal by adding any grounds that may independently support a basis for removal.

54. Removing Defendants hereby notify the Court that they have provided notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d).

55. Removing Defendants have filed a copy of this Notice of Removal with the Clerk of the Circuit Court of Dale County, Alabama, as provided by law.

56. To the extent that remand is sought, or that jurisdiction is otherwise examined by this Court, Removing Defendants respectfully request an opportunity to submit additional evidence, to further brief, take appropriate discovery, and to submit oral argument in support of this Notice of Removal.

## V. CONCLUSION

57. Removing Defendants assert (1) federal question jurisdiction based on federal enclave jurisdiction, (2) a federal question arising from federal officer jurisdiction, and (3) complete diversity between the properly joined parties with the amount-in-controversy requirement being satisfied.

**WHEREFORE**, Removing Defendants pray that the Court will take jurisdiction of this action and issue all necessary orders and process to remove said action from the Circuit

Court of Dale County, Alabama, to the United States District Court for the Middle District of Alabama, Southern Division.

*/s/ Clinton T. Speegle*
One of the Attorneys for Defendant
M1 Support Services, L.P.

J. Banks Sewell, III
Clinton T. Speegle
M. Wesley Smithart
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
Phone: (205) 581-0700
cspeegle@lightfootlaw.com
wsmithart@lightfootlaw.com

*/s/ Ricardo Woods (with permission)*
Attorneys for Defendants Airbus Americas, Inc. and Airbus U.S. Space & Defense, Inc.

Ricardo Woods
BURR & FORMAN LLP
11 N. Water Street, Suite 22200
Mobile, AL 36602
Phone: (251) 344-5151
Fax: 251-344-9696
Email: rwoods@burr.com

*/s/ Brian P. McCarthy (with permission)*
One of the Attorneys for Defendants BAE Systems, Inc., BAE Systems Information and Electronic Systems Integration, Inc., and BAE Systems Technology Solutions & Services, Inc.

Brian P. McCarthy
MCDOWELL KNIGHT ROEDDER & SLEDGE, LLC
11 North Water Street, Ste. 13290

Mobile, AL 36602
bmccarthy@mcdowellknight.com

Mack H. Shultz (to be admitted *pro hac vice*)
Michael E. Scoville (to be admitted *pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: +1.206.359.8000
FACSIMILE: +1.206.359.9000
MShultz@perkinscoie.com
MScoville@perkinscoie.com

**CERTIFICATE OF SERVICE**

I certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system on April 13, 2023, which will send electronic notification of such filing to the parties. If CM/ECF indicates that Notice needs to be delivered by other means to any of the parties, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.

Will Lattimore
TURNBULL, HOLCOMB & LEMOINE, P.C.
2101 Sixth Avenue North, Suite 1100
Birmingham, Alabama 35203
wlattimore@turnbullfirm.com

Jonathan Kurtz
SPENCER LAW GROUP
224 Regency Road
Lexington, KY 40503
jonathan@spencerlawgroup.com

Joshua D. Hicks
Gregory M. Funfsinn
Kenneth C. Human
HICKS & FUNFSIMM, PLLC
431 South Broadway, Suite 331
Lexington, Kentucky 40508
josh@hfkylawyers.com
greg@hfkylawyers.com
kenny@hfkylawyers.com

John C. Whitfield
WHITFIELD COLEMAN MONTOYA
19 N. Main Street
Madisonville, KY 42431
jwhitfield@thewcmfirm.com

*/s/ Clinton T. Speegle*
Of Counsel