IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MIGUEL TORRES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 1:23-cv-212-ECM |
| | ) | [WO] |
| AIRBUS AMERICAS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Now pending before the Court is the Plaintiffs' motion for leave to amend the complaint. (Doc. 58). Also pending before the Court are a motion to substitute and motion to revive claim by Plaintiff T. Brent Przychoda, (doc. 57), a joint motion to substitute parties by Defendants BAE Systems, Inc., BAE Systems Information and Electronic Systems Integration, Inc., and BAE Systems Technology Solutions & Services, Inc., (doc. 59), a motion to dismiss by Defendant Airbus Americas, Inc. ("AAI"), (doc. 7), a motion to dismiss by Defendant Airbus DS Military Aircraft, Inc. ("ADSMA"), (doc. 8), and a motion for summary judgment by Defendant Airbus U.S. Space & Defense, Inc. ("AUS"), (doc. 66). Having reviewed the motion for leave to amend the complaint and the opposition filed by Defendants Airbus Americas, Inc., Airbus DS Military Aircraft, Inc., and Airbus U.S. Space & Defense, Inc. (collectively "Airbus Defendants"), (doc. 62),[1] the Court concludes that the Plaintiffs' motion to amend their complaint is due to be GRANTED.

---

[1] Defendants BAE Systems, Inc., BAE Systems Information and Electronic Systems Integration, Inc., Bae Systems Technology Solutions & Services, Inc., and M1 Support Services "do not oppose the motion for

## I.  LEGAL STANDARD

FED. R. CIV. P. 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  "The grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "However, '"[d]iscretion" may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend "shall be freely given when justice so requires."' *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)).  There must be "substantial ground" to deny leave to amend, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182; *see also Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008).  Absent a compelling reason, "the discretion of the district court is not broad enough to permit denial." *Espey*, 734 F.2d at 750 (quoting *Dussouy*, 660 F.2d at 598).

## II.  DISCUSSION

The Plaintiffs request leave to amend their complaint to add a wrongful death claim because Plaintiff T. Brent Przychoda passed away after commencement of the litigation. The Airbus Defendants oppose the motion "on the basis of—*inter alia*—futility, undue

---

leave to file an amended complaint, but reserve all rights to challenge the allegations in the amended complaint." (Doc. 63).

prejudice, failure to cure known deficiencies, and delay." (Doc. 62 at 6).  Specifically, the Airbus Defendants contend that amending the complaint would be futile because AAI and ADSMA provided sworn affidavits with their motions to dismiss which explain that neither entity is a proper defendant, and AUS properly invoked the Innocent Sellers Act, ALA. CODE § 6-5-521.  The Airbus Defendants further argue that granting the motion would be unduly prejudicial and create undue delay because AAI and ADSMA both have pending, fully briefed, motions to dismiss against the original complaint, which "made ***the very same allegations*** Plaintiffs are attempting to reassert." (Doc. 62 at 9) (emphasis in original).  The Court turns first to the Airbus Defendants' argument that amending the complaint would be futile.

"Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).  Dismissal is proper when the amended complaint would be "subject to dismissal as a matter of law." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004).  "However, leave to amend should not be denied on the ground of futility unless the proposed amendment is clearly insufficient or frivolous on its face." *Montes v. M & M Mgmt. Co.*, 2015 WL 11254703, at *1 (S.D. Fla. May 12, 2015) (citing *Taylor v. Florida State Fair Auth.*, 875 F. Supp. 812, 815 (M.D. Fla. 1995))[2].

---

[2] While the Court recognizes that *Montes v. M & M Mgmt. Co.*, 2015 WL 11254703 (S.D. Fla. May 12, 2015) is not binding, the Court finds its analysis to be persuasive.

The proposed amended complaint purports to only add a wrongful death claim, so the allegations of the proposed amended complaint are substantially similar to the original complaint. However, the Court cannot conclude that, on its face, the proposed amendment is clearly insufficient or frivolous. *Cf. O'Ferrell v. United States*, 174 F.R.D. 108, 109 (M.D. Ala. 1997) (finding that amending the complaint to add a Federal Tort Claims Act ("FTCA") claim based on a constitutional violation would be futile because the FTCA does not provide a cause of action for a constitutional tort claim). The pending motions to dismiss rely on affidavits supplied by AAI and ADSMA arguing that they are not the proper parties; thus, the proposed amended complaint is not facially clearly insufficient or frivolous. Even assuming AUS properly invoked the Innocent Sellers Act, that argument was based on AUS's responsive pleading to the original complaint. The proposed amended complaint is not "immediately subject to summary judgment for the defendant" because the Plaintiffs will be given another opportunity to respond to AUS's contention that it is an innocent seller. *Cockrell*, 510 F.3d at 1310. Based on the foregoing reasons, allowing the complaint to be amended would not be futile.

The Airbus Defendants contend that the original complaint and the proposed amended complaint make "***the very same allegations***" which could be done away with via the motions to dismiss; hence, granting the motion would be unduly prejudicial to them and create undue delay by forcing them to re-file their motions to dismiss. (Doc. 62 at 9) (emphasis in original). However, the Court presumes that the Plaintiffs, consistent with FED. R. CIV. P. 11, have a good faith basis for bringing suit against the Airbus Defendants. Further, the case is still in the early stages of litigation. The Court recently denied the

4

Plaintiffs' motion to remand, and the Court has not entered a Uniform Scheduling Order. The Plaintiffs timely filed their notice of suggestion of death of Plaintiff T. Brent Przychoda and their motion to substitute party and revive claim. The Court finds that the motion to amend the complaint is reasonable and not for an improper purpose. *See Bryant v. Dupree*, 252 F.3d 1161, 1164–65 (11th Cir. 2001) (holding that the district court erred in denying plaintiffs leave to amend because there was "no evidence that the plaintiffs have employed delaying tactics" nor "evidence that allowing an amendment at this stage would prejudice the defendants."). Thus, there is no undue prejudice or delay at this stage in the litigation, and considering the Defendants' position that the amended complaint asserts "***the very same allegations***" against them, they can re-file their respective motions if they deem it necessary. (Doc. 62 at 9) (emphasis in original).

The Court is persuaded that the Plaintiffs are entitled to amend their complaint given the change in circumstances. *See Beheer v. ASAP Installations, LLC*, 2010 WL 2431922, at *2 (M.D. Fla. June 16, 2010) (quoting *Gropp v. United Airlines, Inc.*, 874 F. Supp. 941, 945 (M.D. Fla. 1994)) ("[I]f underlying facts or circumstances relied on by Plaintiff may be the proper subject of relief, Plaintiff ought to be afforded the opportunity to test his claim on the merits and therefore should be permitted to amend his complaint."). As demonstrated, the Court does not find that there is sufficient justification for denying the motion for leave to amend; therefore, "the discretion of the district court is not broad enough to permit denial." *Espey*, 734 F.2d at 750 (quoting *Dussouy*, 660 F.2d at 598).

### III.  CONCLUSION

Accordingly, and for good cause, it is ORDERED:

1. The Plaintiffs' motion to amend their complaint (doc. 58) is GRANTED.

2. The Plaintiffs shall file their amended complaint on or before **March 29, 2024**, in compliance with this Court's local rules. *See* L.R.M.D.Ala.15.1.

3. In light of the Court's ruling granting the motion to amend, the motion to substitute and motion to revive claim by Plaintiff T. Brent Przychoda (doc. 57) and the joint motion to substitute parties by Defendants BAE Systems, Inc., BAE Systems Information and Electronic Systems Integration, Inc., and BAE Systems Technology Solutions & Services, Inc. (doc. 59) are DENIED as moot.

4. The motion to dismiss by Defendant Airbus Americas, Inc., (doc. 7), the motion to dismiss by Defendant Airbus DS Military Aircraft, Inc. (doc. 8), and the motion for summary judgment by Defendant Airbus U.S. Space & Defense, Inc. (doc. 66) are DENIED as moot.

DONE this 25th day of March, 2024.

                                          /s/ Emily C. Marks
                                      EMILY C. MARKS
                                      CHIEF UNITED STATES DISTRICT JUDGE